## Thomas B. Shaw v. Azilda Shaw.

1. TENANTS—*Right to Remove Building.*—A divorced woman was occupying a hotel building for a fixed term under a decree for alimony. The hotel having been destroyed by fire, she borrowed money to erect a building in its place, upon condition, if the loan was not paid the lender

Shaw v. Shaw.

might remove it. The building was placed upon the foundation walls of the former one in such a manner that its removal would not injure them. *Held*, that under the circumstances, she could lawfully remove the building at the end of the term.

**Divorce and Alimony.**—Appeal from the Circuit Court of Jo Daviess County; the Hon. JAMES SHAW, Judge, presiding. Heard in this court at the December term, 1894. Affirmed. Opinion filed May 28, 1895.

### STATEMENT OF FACTS.

On the 11th of June, 1886, appellee obtained a decree for divorce from appellant upon the ground of habitual drunkenness.

The decree gave appellee the custody of a minor child aged about five years, Frank Shaw, with a right in appellant to visit the child once a week when not under the influence of intoxicating liquor, and to have his custody the last Saturday and Sunday in each month, if not under the influence of intoxicating liquors. The decree gave her, as her reasonable and just alimony for her maintenance and the maintenance of the child, one-third of the furniture and the exclusive use for seven years of the other two-thirds of the furniture, then situated in a hotel at Elizabeth, Illinois, the property of appellant, except a sufficient portion to furnish one room for appellant. The decree also gave her the exclusive use for seven years of lots 1, 2, 3, 17 and 18 in block 8, of the village of Elizabeth, with the hotel building, stables and other buildings thereon situated, upon condition that she pay the taxes on the property and pay appellant the sum of $50 annually. The decree required her at the expiration of the seven years to deliver up to appellant the two-thirds of the furniture and the exclusive possession of the real estate, with the hotel, stables and other buildings situated thereon.

After the decree was rendered appellee, with her children, began operating the hotel. Within a year the hotel, the stable and furniture were consumed by fire. There was no insurance. She procured money from her mother and within a few months erected a new hotel building, placing it

on the foundation of the old building. A few days before the expiration of the seven years she employed house movers to remove the building onto a lot owned by her mother and brought machinery to the premises for that purpose, when appellant filed a bill to enjoin her from removing the building and obtained a temporary injunction May 26, 1893.

In September, 1893, appellee filed a petition for a modification of the decree of June 11, 1886, so far as it related to the subject of alimony. In it she represented that the hotel, owing to its destruction by fire, and the conduct of her divorced husband, had yielded her but little income on which to support herself and child; that she was compelled to borrow money with which to rebuild; that after it was rebuilt and she again undertook to conduct the business, her trade was destroyed by her divorced husband reporting to the public that her hotel was a house of prostitution; that while she had paid the taxes as required by the terms of the decree, she had been unable to pay all of the annual payments of $50, as required; that she and her minor child were in feeble health and in destitute circumstances; that appellant had never contributed anything to the support of the minor, and that he was capable of doing so. The petitioner asked to be released of the further payments of $50, and that she be given exclusive use of the real estate covered by the decree for seven years more.

To the bill for an injunction (which was based upon the contention that the building sought to be removed was a part of the realty) appellee filed an answer, setting up that the old hotel was destroyed without her fault; that she borrowed the money from her mother to rebuild it upon an agreement with her mother that if she did not pay the money borrowed her mother would have the right to remove it; that it was so constructed as to allow it to be easily removed, and that from the manner in which it was constructed it formed no part of the real estate but was personal property.

To the petition for a modification of the alimony decree, appellant answered denying that he had circulated the re-

Shaw v. Shaw.

port that appellee's hotel was a house of prostitution and averred that the old hotel was burned through appellee's negligence and that appellee had committed waste and had violated the decree by taking the minor child out of the State, so that he could not see it. He further resisted upon the ground that by the decree, appellee had been given alimony in gross.

By agreement, the two cases and an appeal case brought by appellee for forcible detainer were tried together.

In the injunction case, the court found for appellee and dismissed the bill.

In the case to modify the decree of July 11, 1886, the court held that the decree was not for alimony in gross, relieved appellee from the payment of the amounts due on the provision for payment of $50 annually to appellant, and decreed the payment of $150 per year by appellant for three years for the support of appellee and the minor child.

From these decrees appellant appealed.

E. L. Bedford and M. Rees, attorneys for appellant.

D. & T. J. and J. M. Sheean, attorneys for appellee.

Mr. Justice Harker delivered the opinion of the Court.

This was an appeal from a decree entered upon the hearing of a suit in chancery to enjoin appellee, the divorced wife of appellant, from removing a frame structure from real estate belonging to appellant at the expiration of an estate for years, which was created by a decree for alimony in her favor. The structure was built to take the place of one which was destroyed by fire while appellee was occupying the premises under her estate for years. The court dissolved the temporary injunction which had been granted and dismissed the bill.

The evidence clearly shows that there was no intention at the time the building was erected that it should become a part of the real estate. The old building was destroyed shortly

after the commencement of appellee's term of seven years. The evidence does not show that its destruction was due to her negligence. The seven years term was the only provision made for her and the support of a sickly minor child in the decree for divorce which had been granted against her husband. No income from the term of years could accrue to her without the erection of another building. She was able to rebuild only upon borrowing money with the pledge that it should be so constructed upon the old foundation as not to become a part of the realty, and that the person from whom she borrowed should, in the event of her inability to pay back the money, be permitted to remove the building.

There is some conflict in the testimony as to the manner in which the structure rested upon the old foundation. We think the preponderance shows, however, that it was placed upon blocks resting upon the old walls in such manner as to allow its easy removal without any injury whatever to the walls. Taking this into consideration with the declared intention of the party erecting the building, we are clearly of the opinion that the decree of the Circuit Court should be sustained. Decree affirmed.